ROBERT T. AND YOSHIKO IMAGAWA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Imagawa v. Commissioner
Docket No. 2945-92S
United States Tax Court
1993 Tax Ct. Memo LEXIS 160; April 12, 1993, Filed *160 Decision will be entered for respondent. Robert T. Imagawa, pro se. For respondent: Michael F. Steiner. GUSSIS
GUSSIS
GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7463. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioners' Federal income tax for the year 1988 in the amount of $ 1,544. The issues are whether respondent correctly determined that a Keogh plan distribution was includable in petitioners' taxable income in 1988 in the amount of $ 3,831 and whether petitioners are liable for 10-percent excise tax ($ 383) attributable to the premature distribution from such plan. Some of the facts were stipulated and they are so found. Petitioners were residents of San Francisco, California, at the time the petition herein was filed. In 1988, petitioner Robert T. Imagawa received a distribution (the Keogh plan distribution) from Equitec Securities Co., Inc. (Equitec) as a result of Equitec's resignation as custodian for Keogh plans and abandonment of its prototype Keogh plan. The *161 distribution consisted of certain fractional partnership interests. The underlying partnership assets consisted of real estate properties in Chicago, Illinois, and Houston, Texas. Equitec reported the distribution to the Internal Revenue Service at a valuation of $ 3,831. Subsequently, in November 1990, petitioner received units in a new partnership, Hallwood Realty Properties L.P., in exchange for his fractional partnership interests in the former Equitec partnerships. Respondent determined that the Equitec distribution in the amount of $ 3,831 in 1988 was includable in petitioner's taxable income for said year and, in addition, was subject to the 10-percent additional tax on early distributions pursuant to section 72(t). Petitioner agrees that the distribution from Equitec was taxable but argues as to the amount of the distribution. Petitioner has the burden of proof. Rule 142(a); . Petitioner contends that in 1988 the Equitec real estate partnership had incurred financial losses. It appears that one of the partnership's properties (the Houston property) was foreclosed in 1988, leaving only the Chicago *162 property. Petitioner argues that the Chicago property was also unprofitable. However, petitioner's evidence as to the valuation of the Chicago property is extremely sketchy and is completely devoid of specificity. He admitted at the trial that he had "no figure as to the exact value of the Chicago property". We have considered the financial statement reflecting the operations of the Equitec real estate partnership for the quarter ended January 31, 1988. While the statement reflects the impairment of value in the Houston property, the statement also reflects an increase in the average occupancy level at the Chicago property and an increase in revenue generated by that property. Finally, we do not believe that the events which occurred in or about 1991, at the time when petitioner held fractional interests in the new partnership (Hallwood Realty Partners, L.P.) have any probative value as to the valuation of the Keogh plan distribution received by petitioner from Equitec in 1988. In short, petitioner has failed to present any evidence which would impugn Equitec's valuation of $ 3,831 for the 1988 distribution. Petitioner's conjectural arguments that such valuation was somehow *163 arbitrary are not supported by the record and must be rejected. On the basis of this record, respondent's determination with respect to the amount of the Keogh plan distribution to petitioner in 1988 as well as the 10-percent additional tax on early distributions is sustained. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for respondent.